NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                :
MATTHEW T. MILHOUSE, JR.,        :
                                :    Civil Action No.
        Petitioner,              :    11-5454 (JBS)
                                :
        v.                       :
                                :    **MEMORANDUM OPINION**
DONNA ZICKEFOOSE,                :
                                :
        Respondent.              :
_____:

SIMANDLE, Chief Judge:

   This matter is before the Court upon Petitioner's submission of application seeking habeas corpus relief ("Petition"), and it appearing that:

1.  The Petition is executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. Following the Court's order, Petitioner submitted his filing fee. See Docket Entry dated November 14, 2011.

2.  The Petition is paraphrased in terms suggesting that Petitioner's prison authorities are violating Petitioner's rights by executing Petitioner's sentence which he believes to be illegal. See id.

3.  This Court already dismissed Petitioner's challenges to that effect twice, and when Petitioner filed the same challenges the third time, Judge Noel L. Hillman dismissed the same. All three dismissals were made on the grounds of lack of

Section 2241 jurisdiction.

4. Petitioner appealed these determinations.  The United States Court of Appeals for the Third Circuit ("Court of Appeals") affirmed this Court's decisions, as well as the decision entered by Judge Hillman; the latest affirmance read, in its entirety, as follows:

> Matthew Millhouse, Jr. appeals pro se and in forma pauperis from the United States District Court for the District of New Jersey's order dismissing his habeas petition filed under 28 U.S.C. § 2241. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.
>
> In 1999, Millhouse was convicted of money laundering and related crimes in the United States District Court for the Northern District of Ohio. In 2007, Millhouse filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Northern District of Ohio.  The motion was dismissed as untimely, and the United States Court of Appeals for the Sixth Circuit denied Millhouse's request for a certificate of appealability in 2008.
>
> Millhouse is currently confined in the Federal Correctional Institution in Fort Dix, New Jersey. In 2009, he filed two petitions for writs of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, both raising eleven claims for relief that challenged his 1999 conviction and sentence.  The District Court dismissed the petitions for lack of jurisdiction, and we affirmed those decisions. See Millhouse v. Grondolsky, 331 F. App'x 108 (3d Cir. 2009); Millhouse v. Zickefoose, 396 F. App'x 796 (3d Cir. 2010).  Then, in October 2010, Millhouse filed the present 28 U.S.C. § 2241 petition, raising seven grounds for relief.  The District Court determined that Millhouse's claims again challenged the fact of his conviction, and dismissed the petition for lack of jurisdiction. It further concluded that the petition constituted

an abuse of the writ because Millhouse had raised the same claims in prior § 2241 petitions.

Millhouse now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

It is apparent that Millhouse's petition is not viable under 28 U.S.C. § 2241. Although he attempts to present his claims as challenges to the activities of the Federal Bureau of Prisons,[1] he is once again trying to challenge the fact of his 1999 conviction. As we have explained in Millhouse's prior appeals, a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

After considering Millhouse's petition and submissions to this Court, we agree with the District Court that he has failed to demonstrate that § 2255 is inadequate or ineffective to test

---

[1] For example, Millhouse's seventh claim asserts that the Federal Bureau of Prisons improperly calculated his sentence. However, he then explains that the sentence was improperly calculated because his confinement is based on his illegal conviction.

3

> the legality of his detention, as he raised arguments that could have been raised on direct appeal or in his § 2255 motion. Additionally, the Northern District of Ohio dismissed Millhouse's first § 2255 motion as untimely, making it likely that he would encounter hurdles in filing a second § 2255 motion. However, we have repeatedly held that a prisoner's inability to meet § 2255's stringent gatekeeping requirements does not render it inadequate or ineffective. [See] Cradle, 290 F.3d at 538-39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative").
>
> For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment.[2]

Millhouse v. Zickefoose, 2011 U.S. App. LEXIS 15730 (3d Cir. N.J. July 29, 2011) (affirmance of Judge Hillman's decision) (footnotes in original, citations to appellate court rules omitted).

5. The instant Petition is substantively indistinguishable from the petitions dismissed by this Court in the actions that led to the Court of Appeals' affirmaces in Millhouse v. Grondolsky, 331 F. App'x 108 (3d Cir. 2009), and Millhouse v. Zickefoose, 396 F. App'x 796 (3d Cir. 2010), and from the petition dismissed by Judge Hillman in the action which led to the Court of Appeals' affirmace in Millhouse v. Zickefoose, 2011 U.S. App. LEXIS 15730. The sole difference

---

[2] Because we agree with the District Court that it lacked jurisdiction to entertain Millhouse's § 2241 petition, we need not address the abuse of the writ doctrine.

4

    between the Petition at bar and Petitioner's prior submissions is that Petitioner now altered the spelling of his last name from "Millhouse" to "Milhouse" in the caption of the instant Petition.  However, since the remainder of Petitioner's current submission indicates that his correct name is "Millhouse," and his prison identification number is identical to that designated in Petitioner's prior actions, is appears certain that Petitioner is the very litigant whose challenges were already dismissed thrice in this District and then thrice by the Court of Appeals.

6. This Court cannot provide Petitioner with an explanation as to the invalidity of Petitioner's claims better than the explanations already provided to him by the Court of Appeals' three decisions, Judge Hillman's opinion and this Court's two prior rulings.  Therefore, the Court merely reiterates the conclusion reached in these six decisions, <u>i.e.</u>, that the Petition is subject to dismissal for lack of § 2241 jurisdiction.  In addition, the Court takes this opportunity to recite to Petitioner Judge Hillman's warning that Petitioner's systemic abuse of writ might result in sanctions, if warranted.  The Court urges Petitioner to heed to this warning with utmost seriousness.

7. For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction.  Petitioner's motion seeking

appointment of pro bono counsel will be denied as moot and as inapplicable to a habeas action.[3]  An appropriate Order will accompany this Memorandum Opinion.


    s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief U.S. District Judge

Dated:    **January 11, 2012**

---

[3] There is no basis for appointment of pro bono counsel in habeas cases.  However, the Court has discretion to appoint a federal public defender or a CJA attorney to represent a habeas petitioner when the petitioner is financially eligible for CJA appointment and the appointment of counsel is in the interests of justice.  See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Here, the interests of justice will not be served by such appointment.

6